IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:09-CR-72-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JOHN KENT COLVIN, | ) | |
| | ) | |
| Defendant. | ) | |

On February 11, 2022, John Kent Colvin ("Colvin" or "defendant"), proceeding pro se, filed his second motion for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 123]. On February 3, 2025, the United States responded in opposition [D.E. 141]. On April 29, 2025, Colvin replied [D.E. 145]. On May 12, 2025, Colvin filed an additional "memorandum in support" of his motion for compassionate release [D.E. 145]. On June 30, 2025, Colvin filed a letter responding to the argument that he failed to exhaust his administrative remedies before filing his motion for compassionate release [D.E. 146]. As explained below, the court denies Colvin's motion for compassionate release.

I.

Colvin engaged in a large investment fraud scheme from 2003 to 2005. The scheme had 302 victims (including vulnerable victims) and generated an actual loss of $21,009,429.69. On June 11, 2010, a jury convicted Colvin of conspiracy to commit mail fraud (count one) and five counts of mail fraud and aiding and abetting (counts two through six). See Presentence Investigation Report ("PSR") ¶¶ 1–4; [D.E. 64] 1–2. On January 18, 2011, the court held Colvin's sentencing hearing and adopted the facts set forth in the PSR. See [D.E. 91]; [D.E. 98] 5–6; Fed. R. Crim. P.

32(i)(3)(A)–(B). The court calculated Colvin's total offense level to be 41, his criminal history category to be I, and his advisory guideline range to be 324 to 405 months' imprisonment. The statutory maximum sentence for count one was 60 months' imprisonment, and the statutory maximum sentence for counts two through six was 240 months' imprisonment. See [D.E. 98] 37–38. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Colvin to 60 months' imprisonment on count one, 240 months' imprisonment on counts two through six to run concurrently with each other and to run consecutively with count one, for a total sentence of 300 months' imprisonment. See id. at 38–62. Colvin appealed. See [D.E. 93]. On February 24, 2012, the United States Court of Appeals for the Fourth Circuit affirmed this court's judgment. See United States v. Colvin, 467 F. App'x 181, 184 (4th Cir. 2012) (per curiam) (unpublished).

On September 4, 2020, Colvin moved for compassionate release under the First Step Act and filed a memorandum and records in support. See [D.E. 104, 107]. On November 20, 2020, the United States responded in opposition. See [D.E. 116]. On January 20, 2021, Colvin replied. See [D.E. 118]. On March 24, 2021, the court denied Colvin's motion for compassionate release. See [D.E. 122].

On November 6, 2023, Colvin moved for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821 of the United States Sentencing Guidelines ("Amendment 821"). See [D.E. 126]. On November 4, 2024, probation filed a report concerning Colvin's motion for a sentence reduction. See [D.E. 135]. In that report, probation concluded that Colvin was ineligible for a sentence reduction under Amendment 821 because he received an aggravating role adjustment at his sentencing hearing under U.S.S.G. § 3B1.1. See id. at 1. On January 13, 2025, the court denied Colvin's motion for a sentence reduction. See [D.E. 137].

II.

A court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Bethea, 54 F.4th 826, 831 (4th Cir. 2022); United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021) (per curiam); United States v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020). A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Hargrove, 30 F.4th at 194.

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); see United States v. Ferguson, 55 F.4th 262, 268 (4th Cir. 2022). This requirement is nonjurisdictional, and the government waives a defense based on section 3582(c)(1)(A)'s exhaustion requirements if the government does not timely raise it. See United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021).

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. See Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. In evaluating the section 3553(a) factors, the court considers,

3

inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, a defendant's post-sentencing conduct, the need to deter criminal behavior, the need to promote respect for the law, and the need to protect the public. See 18 U.S.C. § 3553(a); Chavez-Meza v. United States, 585 U.S. 109, 115–20 (2018); Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Although a court considers a defendant's post-sentencing conduct, rehabilitation alone is not an extraordinary and compelling reason for a sentence reduction. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d); United States v. Davis, 99 F.4th 647, 659 (4th Cir. 2024); McCoy, 981 F.3d at 286 n.9.

The Sentencing Commission policy statement in U.S.S.G. § 1B1.13 applies to a defendant's compassionate release motion. See U.S.S.G. § 1B1.13(a). Section 1B1.13(b) lists several extraordinary and compelling reasons, including (1) a defendant's medical circumstances; (2) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of his or her imprisonment term; (3) a defendant's family circumstances; (4) a defendant who suffered sexual abuse, or physical abuse with serious bodily injury, at the hands of those with custody over the defendant while serving the term of imprisonment sought to be reduced; (5) any other reasons similar in gravity to those described in paragraphs (1) through (4) of the policy statement; or (6) a qualifying change in the law that produces a gross disparity between the defendant's unusually long sentence being served and the sentence likely to be imposed at the time the motion is filed, after fully considering the defendant's individual circumstances. See U.S.S.G. § 1B1.13(b). A defendant's rehabilitation alone is not an extraordinary or compelling reason, but it "may be considered in combination with other circumstances in determining whether and to what extent a reduction . . . is warranted." U.S.S.G.

4

§ 1B1.13(d). "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a" sentence reduction. U.S.S.G. § 1B1.13(e).

Colvin seeks compassionate release under section 3582(c)(1)(A) and argues that extraordinary and compelling circumstances exist because of his age (i.e., 69) and medical conditions. See [D.E. 123]. The threshold requirement for obtaining relief under § 3582(c)(1)(A) is filing a request with the warden. See Muhammad, 16 F.4th at 129–30. The exhaustion requirement "in § 3582(c)(1)(A) is non-jurisdictional and satisfied if a defendant requests the [BOP] to bring a motion on their behalf and either fully exhausts all administrative rights to appeal the [BOP]'s decision or waits 30 days from the date of their initial request to file a motion in the district court." Id. at 131. The United States argues that Colvin failed to fully exhaust his administrative remedies, see [D.E. 141] 8–9, and Colvin admits that he did not fully exhaust his administrative remedies before filing his motion for compassionate release. See [D.E. 146]. Colvin, however, asks the court to excuse his failure to exhaust in favor of "judicial economy and compassion." Id. at 3. In light of the record and the non-jurisdictional nature of section 3582's exhaustion requirement, the court addresses Colvin's motion on the merits. See Ferguson, 55 F.4th at 268; Muhammad, 16 F.4th at 129–30.

Colvin argues that his age and medical conditions constitute extraordinary and compelling reasons to reduce his sentence. See [D.E. 123] 1–2; [D.E. 146] 2–3. As for Colvin's age (i.e., 69), under the "age of the defendant" policy statement, a court may consider granting compassionate release if "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. § 1B1.13(b)(2).

Colvin fails to demonstrate that he is suffering from a serious physical or mental

5

deterioration because of the aging process. Thus, reducing Colvin's sentence due to his age does not comport with U.S.S.G § 1B1.13(b)(2) or any policy statement.

As for the "medical circumstances of the defendant" policy statement, the policy statement requires, in part, that the defendant be "housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;" be "at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency" because of "personal health risk factors and custodial status"; and "such risk cannot be adequately mitigated in a timely manner." U.S.S.G. § 1B1.13(b)(1)(D). "To establish that the risk posed by COVID-19 presents an 'extraordinary and compelling reason' for release [under this subsection], a defendant must allege that the risk of contracting COVID-19 in a prison is higher than the risk outside the prison and that his preexisting medical condition increases his risk of experiencing a serious, or even fatal, case of COVID-19." United States v. Brown, 78 F.4th 122, 128 (4th Cir. 2023) (quotation and alteration omitted); see High, 997 F.3d at 185. This "inquiry is multifaceted and must account for the totality of the relevant circumstances." Bethea, 54 F.4th at 832 (quotations omitted); see Hargrove, 30 F.4th at 198. Courts examine whether "an inmate shows both a particularized susceptibility to COVID-19 and a particularized risk of contracting the disease at his prison facility." Brown, 78 F.4th at 128 (quotation omitted); see Hargrove, 30 F.4th at 196.

Colvin alleges that he is obese, uses a cane for stability, and has arthritis and circulatory problems. On this record, reducing Colvin's sentence due to his medical conditions does not comport with any policy statement.

If Colvin argues he has an increased risk of contracting a serious case of COVID-19, the

wide availability of COVID-19 vaccines greatly diminishes the risk to Colvin from COVID-19 whether he is in prison or not. See, e.g., United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021); United States v. Haid, 8 F.4th 932, 936 n.2 (10th Cir. 2021); United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021); United States v. Scalea, No. 21-2631, 2022 WL 795425, at *1 (3d Cir. Mar. 15, 2022) (unpublished); United States v. Ibarra, No. 21-10255, 2022 WL 229198, at *1 (9th Cir. Jan. 25, 2022) (unpublished); United States v. Baeza-Vargas, 532 F. Supp. 3d 840, 843–46 (D. Ariz. 2021) (collecting cases). Moreover, Colvin admits that he has received "two rounds" of vaccination against the virus. See [D.E. 123] 3. Colvin fails to show any "particularized susceptibility to COVID-19." Brown, 78 F.4th at 128 (quotation omitted); see, e.g., United States v. Alston, 639 F. Supp. 3d 553, 558 (E.D.N.C. 2022), aff'd, No. 22-7312, 2023 WL 2160058 (4th Cir. Feb. 22, 2023) (per curiam) (unpublished); United States v. Spencer, 521 F. Supp. 3d 606, 611 (E.D. Va. 2021), aff'd, 853 F. App'x 833 (4th Cir. 2021) (per curiam) (unpublished). Thus, reducing Colvin's sentence due to his medical conditions does not comport with U.S.S.G. § 1B1.13(b)(1)(B) or any policy statement.

As for the "other reasons" policy statement, the court assumes without deciding that Colvin's age and alleged medical conditions are extraordinary and compelling reasons under section 3582(c)(1)(A). Moreover, the court has considered Colvin's release plan. See [D.E. 146-1]. The section 3553(a) factors, however, counsel against reducing Colvin's sentence. See Hargrove, 30 F.4th at 194–95, 198–200; High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32.

Colvin is 69 years old and engaged in very serious criminal behavior from 2003 to 2005. See PSR ¶¶ 10–18. Colvin organized and engaged in a large investment fraud scheme in which Colvin solicited and collected money from 302 individual investors in North Carolina and elsewhere. See id. Colvin promised the individual investors that their money would be used to

7

make real estate or mortgage investments and that they were guaranteed to receive between 12% and 14.4% in earnings or interest on these investments. See id. ¶ 11. Colvin also assured the individual investors that their investments were guaranteed through a surety bond program. See id. In fact, there was no surety bond program, and Colvin used the individual investors' funds to invest in the development of a Montana coal mine. See id. Ultimately, Colvin's scheme failed and generated a total loss to the individual investors of $21,009,429.69. See id. ¶ 18. Greed motivated Colvin's serious criminal conduct, and he pursued his criminal scheme notwithstanding the serious financial harm he inflicted on his victims. See id. ¶¶ 10–18; [D.E. 98] 59–62. Although Colvin has taken some positive steps while incarcerated on his federal sentence, Colvin sustained an infraction for assault. See [D.E. 107] 7; [D.E. 107-2]; [D.E. 116] 3; [D.E. 116-1].

Having considered the entire record, the section 3553(a) factors, Colvin's arguments, the need to punish Colvin for his criminal behavior, to incapacitate Colvin, to promote respect for the law, to deter others, and to protect society, the court denies Colvin's motion for compassionate release. See, e.g., Concepcion v. United States, 597 U.S. 481, 498–501 (2022); Chavez-Meza, 585 U.S. at 117–20; Pepper, 562 U.S. at 480–81; United States v. Smith, 75 F.4th 459, 464–66 (4th Cir. 2023); United States v. Troy, 64 F.4th 177, 185 (4th Cir. 2023); United States v. Reed, 58 F.4th 816, 821–24 (4th Cir. 2023); United States v. Roane, 51 F.4th 541, 551–52 (4th Cir. 2022); Hargrove, 30 F.4th at 198–200; Kibble, 992 F.3d at 331–32; High, 997 F.3d at 187–91; United States v. Ruffin, 978 F.3d 1000, 1008–09 (6th Cir. 2020); United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); United States v. Hill, No. 4:13-CR-28, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

III.

In sum, the court DENIES defendant's motion for compassionate release [D.E. 123].

SO ORDERED. This 22 day of July, 2025.

JAMES C. DEVER III
United States District Judge